**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAVIER HERRERA-CASTANEDA,

Petitioner,

v.

JEFF B. SESSIONS, Attorney General,

Respondent.

No.   15-72489

Agency No. A095-723-057

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Javier Herrera-Castaneda, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Avagyan v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 646 F.3d 672, 674 (9th Cir. 2011).  We deny the petition for review.

The BIA did not abuse its discretion in denying Herrera-Castaneda's motion to reopen as untimely, where it was filed more than two years after his final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Herrera-Castaneda did not demonstrate his motion came within any statutory or regulatory exception to the filing deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); 8 C.F.R. §1003.2(c)(3).

Herrera-Castaneda contends the BIA did not address his contention regarding equitable tolling.  Although his motion to reopen uses the term equitable tolling, his request also refers to sua sponte reopening, uses the standard for sua sponte reopening instead of discussing tolling factors, and cites to authority regarding sua sponte reopening.  Because the BIA's order does address sua sponte reopening, remand is not warranted.

In light of this decision, we need not address Herrera-Castaneda's remaining contentions regarding the merits of his motion to reopen or eligibility for cancellation of removal.

**PETITION FOR REVIEW DENIED.**